UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUINTIN J. BALLENTINE,<br><br>                              Plaintiff,<br><br>-against-<br><br>FOOD AND DRUG ADMINISTRATION,<br><br>                              Defendant. | 25-CV-3905 (PAC)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

PAUL A. CROTTY, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Food, Drug, and Cosmetic

Act ("FDCA" or the "Act") and the Due Process Clause of the Fourteenth Amendment, alleging

that the Food and Drug Administration ("FDA") failed to "regulat[e] the approval, labeling, and

post-market surveillance of pharmaceutical drugs in the United States." (ECF 7 ¶ 8.) By order

dated May 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees. For the reasons stated in this order, the Court dismisses the

complaint, with 30 days' leave to file a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the amended complaint.[1] From 2005 through 2025, "Plaintiff was diagnosed with multiple psychiatric disorders and subjected to long-term administration of powerful psychotropic medications, including antipsychotics, antidepressants, and mood stabilizers." (ECF 7 ¶ 9.) "These medications were administered[] [w]ithout disclosure of serious and well-documented adverse effects including neurological damage, cardiovascular complications, and cognitive impairment; [w]ithout offering or documenting the availability of non-pharmacologic alternatives; [or] [w]ithout obtaining meaningful informed consent." (*Id.* ¶ 10.) "Plaintiff has since developed irreversible injuries, including but not limited to memory loss, seizure activity, and emotional blunting." (*Id.* ¶ 11.)

Plaintiff claims that "[t]hese harms were preventable and stem from the FDA's failure to enforce statutory protections requiring full labeling disclosures, adverse event reporting, and transparent safety reviews." (*Id.* ¶ 12.) He also claims that "[t]he FDA has long been aware that minority populations are disproportionately diagnosed with severe psychiatric conditions and prescribed antipsychotics at significantly higher rates than their white counterparts." (*Id.* ¶ 13.) Specifically, Plaintiff asserts that "scholarly research" supports the conclusion that "African Americans are three to four times more likely to be diagnosed with schizophrenia and subjected to pharmacological interventions over therapeutic alternatives." (*Id.* ¶ 14.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

Plaintiff asserts claims under the FDCA and the Fourteenth Amendment's Due Process Clause. He also asserts general claims of negligence. He seeks declaratory and injunctive relief, as well as monetary damages

## DISCUSSION

Plaintiff's claims under the FDCA must be dismissed because he cannot bring claims under this Act. His claims under Fourteenth Amendment, construed as brought under the Fifth Amendment, seeking monetary relief, also must be dismissed because he cannot sue federal agencies for alleged constitutional violations. Finally, Plaintiff's negligence claims cannot proceed under the Federal Tort Claims Act, the federal statute that provides relief to individuals asserting negligence claims against the United States.

### A.    Food Drug and Cosmetic Act

The FDCA creates a 'closed' system in which the FDA regulates the manufacture, marketing and labeling of drugs sold in the United States." *Vermont v. Leavitt*, 405 F. Supp. 2d 466, 473 (D. Vt. 2005). Although the FDCA regulates the manufacturing, marketing, and labeling of drugs sold in the United States, *see Coleman v. State Supreme Ct.*, 697 F. Supp. 2d 493, 512 (S.D.N.Y. 2010), this Act does not include a private right of action, permitting individuals to sue alleged violators, *see Eon Labs Mfg. Inc. v. Watson Pharms., Inc.*, 164 F. Supp. 2d 350, 361 n.14 (S.D.N.Y. 2001) (noting that "no private right of action exists under the [Food Drug and Cosmetic] Act"). Rather, "all . . . proceedings for the enforcement, or to restrain violations, of th[e] [FDCA][,] shall be by and in the name of the United States." 21 U.S.C. § 337(a). Accordingly, the Court dismisses Plaintiff's claims under the FDCA for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

**B.    Constitutional Claims**

Plaintiff's constitutional claims, raised under the Fifth Amendment, cannot proceed against the FDA under the doctrine of sovereign immunity.[2] This doctrine bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475, (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the FDA is entitled to sovereign immunity. The Court therefore dismisses Plaintiff's constitutional claims seeking monetary relief as barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.    Negligence Claims**

Plaintiff asserts negligence claims against the FDA. Ordinarily, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The FTCA authorizes civil actions for monetary damages to be brought when 'personal injury or death [is] caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment' and the circumstances are such that the United States would be liable *if it were a private party.*" *Coleman*, 697 F. Supp. 2d 493, 512-13 (quoting 28 U.S.C. § 1346(b)(1)) (emphasis added). Because the FDA's actions in regulating pharmaceuticals are

---

[2] Plaintiff asserts claims under the Fourteenth Amendment, but this Amendment applies to the States, not the federal government.

4

not of the type that a private party could undertake, the FTCA does not authorize the claims that Plaintiff seeks to bring against the FDA. *See, e.g., Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir. 1996) (FTCA is inapplicable to direct violations of statutes by the government); *C.P. Chem. Co. v. United States*, 810 F.2d 34, 37–38 (2d Cir.1987) ("[Q]uasi-legislative or quasi-adjudicative action by an agency of the federal government is action of the type that private persons could not engage in and hence could not be liable for under local law.").

The FTCA therefore does not waive the sovereign immunity of the FDA, and Plaintiff's claims must be dismissed on the basis of sovereign immunity, for lack of subject matter jurisdiction. *See Coleman*, 697 F. Supp.2d at 512-513 ("Because Congress has not subjected the FDA to lawsuits under the FDCA or FTCA, [plaintiff's] claims against that agency must be dismissed for lack of subject matter jurisdiction.") (citing *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941); *Williams v. United States*, 947 F.2d 37, 39 (2d Cir.1991); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994)).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his amended complaint to detail his claims. Should Plaintiff file a second amended complaint, he

5

must allege specific facts regarding the alleged harms he suffered and why he believes that the FDA is responsible for causing these harms. Any amended pleading Plaintiff files should include the specific medications Plaintiff contends caused him harm, when the harm occurred, the nature of the harm, and how the FDA failed to act to limit that harm.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a civil judgment in this action.

### CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3)., with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  January 13, 2026
        New York, New York

_____
PAUL A. CROTTY
United States District Judge